**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Larry Edward Hendricks, #254256, ) | |
| ) | |
| ) | CIVIL ACTION NO. 3:08-2445-DCN-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Levern Cohen, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, Larry Edward Hendricks ("Hendricks") is an inmate at the South Carolina Department of Corrections ("SCDC") serving six (6) consecutive five (5) year sentences for sexual exploitation of a minor, third degree. (*See* S.C.Code Ann. § 16-15-410). Hendricks filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 8, 2008. Respondents filed a return and motion for summary judgment on October 30, 2008. Because Hendricks is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on November 7, 2008 explaining to him his responsibility to respond to the motion for summary judgment. Hendricks filed his response on January 9 2009.

**Background and Procedural History**

In August of 1997, the Fairfield County Sheriffs Department received a report that Hendricks had molested a child. The investigation revealed that Hendricks had prior convictions for sexual assaults on minors. In conjunction with Richland County law enforcement authorities, a search warrant was obtained for Hendricks' residence. (Res.Mem., Ex. 1, p. 125). Among the items seized was a computer which contained images of child pornography and some computer printouts of such

images. (*Id.,* p. 28). Hendricks was arrested and charged with sexual assault in Fairfield County, and sexual exploitation of a minor, third degree ("SEM3") in Richland County.[1]

Hendricks was indicted for fifteen separate charges of SEM3 in Richland County. He was represented by Douglas S. Strickler, Esquire. By the time Hendricks appeared to plead guilty in Richland County he had been sentenced to two consecutive sentences of fifteen (15) years imprisonment for lewd acts on a child in Fairfield County. Hendricks pled guilty to six of the fifteen SEM3 charges in Richland County, and was sentenced to five (5) years on each consecutive to each other, but concurrent with his Fairfield County sentences. In total, Hendricks received concurrent thirty (30) year sentences in Fairfield and Richland Counties.[2]

Hendricks did not file a direct appeal. On July 7, 1999, he filed an application for post-conviction relief ("PCR") in the Richland County Court of Common Pleas challenging his Richland County convictions. (*Id.*, p. 37). An evidentiary hearing was held on January 16, 2001. Hendricks was represented by Tara S. Shurling, Esquire. The PCR court entered an order of dismissal on May 19, 203. (*Id.,* 138). Ms. Shurling filed a notice of appeal (Res.Mem., Ex. 2), and a Johnson[3] petition for writ of certiorari was filed on Hendricks' behalf by the South Carolina Office of Appellate Defense raising the following issue:

Did defense counsel provide effective representation where he allowed petitioner to

---

[1] Section 16-15-410(A), S.C.Code Ann., provides: "An individual commits the offense of third degree sexual exploitation of a minor if, knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity." The offense is a felony punishable by imprisonment for not more than five (5) years. § 16-15-410(C).

[2] In the present petition, Hendricks challenges his Richland County convictions.

[3] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

plead guilty to multiple indictments alleging a single offense?

(Res.Mem., Ex. 3).

The State filed an informal response. (Res.Mem., Ex. 4). Pursuant to state procedure, Hendricks filed a *pro se* brief asserting that trial counsel was ineffective for failing (1) to raise the issue of multiple indictments for a single offense; (2) to challenge the search warrant based on a defective affidavit; and (3) to advise him on the State's burden to prove constructive possession of the images of child pornography.

On August 13, 2004, the Supreme Court denied the petition for PCR appellate counsel to be relieved, and ordered briefing on the following issue:

> Was petitioner's counsel ineffective in allowing petitioner to plead guilty to multiple indictments for a single offense?

(Res.Mem., Ex. 7).

Hendricks' brief was filed by way of a Petition for Writ of Certiorari. (Res.Mem., Ex. 7). The State filed a Return. (Res.Mem., Ex. 8). The Petition for Writ of Certiorari was denied by the South Carolina Supreme Court on May 18, 2005. (Res.Mem., Ex. 9). The Remittitur was returned on June 6, 2005. (Res.Mem., Ex. 10).

On July 18, 2005, Hendricks returned to the Richland County Court of Common Pleas to reopen his PCR case. He filed a "Motion to Set Aside Order" pursuant to Rule 60(b), SCRCP, asserting that the statue under which he was convicted, specifically § 16-15-410(B) was unconstitutional based on Ashcroft v. Free Speech Coalition, 523 U.S. 234 (2002). (REs.Mem., Ex. 11, p. 1). He later amended his motion to include a ground that his trial counsel was ineffective because counsel did not argue that he should have only been charged with one offense of SEM3 because all the offenses occurred at one time based on Stevens v. State, 365 S.C. 309, 617 S.E.2d 366

3

(2005). (*Id.*, p. 6). The "Motion to Set Aside Order" was denied by order entered September 14, 2006. (*Id.,* p. 10).

A petition for writ of certiorari was filed on Hendricks' behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Did the PCR judge err in finding that S.C. Code Sec. 16-15-410 was constitutional and thereby err in denying applicant's Motion to Set Aside Order under Rule 60(b) of the South Carolina Rules of Civil Procedure when the statute had been subsequently declared unconstitutional by the United States Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002)?

(Res.Mem., Ex. 12).

The petition for writ of certiorari was denied by the South Carolina Supreme Court on May 30, 2008. (Res.Mem., Ex. 14). The Remittitur was returned on June 17, 2008. (Res.Mem., Ex. 15).

## Grounds for Relief

In his present petition Hendricks asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**    Illegal Sentence: Sentenced upon an Unconstitutional
                   Criminal Statute;

**Ground Two:**    Ineffective Assistance of Counsel: Failure to
                   Investigate;

**Ground Three:**  Guilty Plea: Ineffective Assistance fo Counsel;

**Ground Four:**   Due Process and Equal Protection: Violation of a State
                   Created Right to Notice.

## Discussion

Since Hendricks filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert.*

*denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525

U.S. 1090 (1999).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--(1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or (2) resulted in
> a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams

v. Taylor, 529 U.S. 362 (2000).  In considering a state court's interpretation of federal law, this court

must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's]
> clearly established precedent if the state court applies a rule that contradicts
> the governing law set forth in [Supreme Court] cases .... A state- court
> decision will also be contrary to this Court's clearly established precedent if
> the state court confronts a set of facts that are materially indistinguishable
> from a decision of [the Supreme] Court and nevertheless arrives at a result
> different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the
> Supreme] Court's precedent if the state court identifies the correct governing
> legal rule from this Court's cases but unreasonably applies it to the facts of the
> particular state prisoner's case. Second, a state-court decision also involves an
> unreasonable application of [the] Court's precedent if the state court either
> unreasonably extends a legal principle from [Supreme Court] precedent to a
> new context where it should not apply or unreasonably refuses to extend that
> principle to a new context where it should apply.

*Id.* at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's

application of clearly established federal law was objectively unreasonable."  *Id.* at 1521.

5

### 1. Unconstitutional Statute (Ground 1)

Hendricks asserts that his SEM3 convictions should be vacated because the statute under which he was convicted, S.C.Code Ann. § 16-15-410 is unconstitutional under Ashcroft v. Free Speech Coalition, *supra*. This issue was raised in Hendricks' post-PCR "Motion to Set Aside Order" (Res.Mem., Ex. 11, p. 1), ruled on by the PCR court (*Id.*, p. 10), raised in the second petition for writ of certiorari (Res.Mem., Ex. 12), and summarily rejected by the South Carolina Supreme Court (Res.Mem., Ex. 14).

In Ashcroft the United States Supreme Court held that portions of the Child Pornography Prevention Act of 1996 relating to "virtual child pornography" were unconstitutional, i.e., 18 U.S.C. §§ 2256(8)(B) and (D). Hendricks argues that the principles relied on in Ashcroft renders § 16-15-410(B), S.C.Code Ann. unconstitutional. This claim was thoroughly discussed by the PCR court when it considered Hendricks' Motion to Set Aside Order.

The South Carolina statute provides:

(A) An individual commits the offense of third degree sexual exploitation of a minor if, knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity.

(B) In a prosecution pursuant to this section, the trier of fact may infer that a participant in sexual activity depicted as a minor through its title, text, visual representation, or otherwise is a minor.

(C) A person who violates the provisions of this section is guilty of a felony and, upon conviction, must be imprisoned not more than ten years.

(D) This section does not apply to an employee of a law enforcement agency, including the State Law Enforcement Division, a prosecuting agency, including the South Carolina Attorney General's Office, or the South Carolina Department of Corrections who, while acting within the employee's official capacity in the course of an investigation or criminal proceeding, is in possession of material that contains a visual representation of a minor engaging in sexual activity.

The PCR court easily distinguished <u>Ashcroft</u>. First, the record gives no indication that the images possessed by Hendricks were virtual child pornography. Second, the portion of the statute which Hendricks argues is invalidated by <u>Ashcroft</u>, § 16-15-410(B), merely permits an evidentiary inference in certain circumstances that a visual representation is that of a minor. Again, the record gives no indication that Hendricks contested that the images he possessed were not depictions of minors engaged in sexual activity.

### 2. Denial of Due Process (Ground 4)

Hendricks asserts that he "was denied a state created right to notice, before he entered into any type of plea agreement denying him due process". (<u>Roseboro</u> Response, p. 26). He argues that he was not given proper notice of the charges against him because he did not see the indictments before he agreed to plead guilty.

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. <u>Cole v. Arkansas</u>, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. <u>Wilson v. Lindler</u>, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and <u>U.S. v. Floresca</u>, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. <u>Hurtado v. California</u>, 110 U.S. 516, 538 (1884); <u>Wilkerson v. Whitley</u>, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and <u>Minner v. Kerby</u>, 30 F.3d 1311, 1317-18 (10th Cir. 1994). Under South Carolina law, "(t)he indictment is a notice document." <u>State v. Gentry</u>, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

Hendricks initially raised this issue as a claim of defective indictments in his PCR. It was rejected by the PCR court (Res.Mem., Ex. 1, p. 141-A), and the South Carolina Supreme Court. He pursued a different strategy in his Motion to Set Aside Order. (Res.Mem., Ex. 11, p. 6). In that motion he argued that a case decided after his guilty plea, Stevens v. State, *supra*, invalidated his pleas.[4] The PCR court rejected Hendricks' argument, applying the procedural bar of S.C.Code Ann. § 17-27-45(c) because Hendricks had not shown "evidence of material facts not previously presented." (Id., p. 12).

In any event, Hendricks' claim is without merit. The record of the plea hearing shows that the trial judge meticulously went over each indictment before Hendricks pled guilty. Further, each indictment shows that "(t)he Prisoner, Larry Edward Hendricks is put to the bar and arraigned and upon his arraignment pleads guilty as charged." Hendricks signed each indictment as witnessed by the Clerk of Court. (*Id.*, pp. 15-31).

### 3. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can

---

[4]In Stevens, the Supreme Court held that a PCR applicant's trial attorney was ineffective due to his failure to consider whether the defendant was properly charged with eighteen separate counts of receiving stolen goods where there was no evidence of when the defendant received the purloined property. The obvious difference between Stevens and the present case is the difference in the elements of the crimes. To prove the crime of receiving stolen goods, more than proof of possession is required. The State must prove knowing receipt of stolen goods. *See* S.C.Code Ann. § 16-13-180.

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of

counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

### a. Pretrial Investigation

Hendricks asserts that his attorney was ineffective because he failed to investigate the case as to double jeopardy, suppression of the evidence seized pursuant to the search warrant, and a "defense of constructive possession." Each of these issues was rejected by the PCR court.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch

10

v. Thompson, 949 F.2d 1354 (4ᵗʰ Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992).  The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client."  Green v. French, 143 F.3d 865, 892 (4ᵗʰ Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998).  A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas.  Strickland, 466 U.S. 690-91.  A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.  Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel.  However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial.  Bassette v. Thompson, 915 F.2d 932 (4ᵗʰ Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

### (1) Double Jeopardy

Under the Fifth Amendment of the United States Constitution, a person may not be "twice put in jeopardy of life or limb" for the same offense.  In general terms, this language has been interpreted to bar prosecution in the following three situations:

1. Where a person would be tried for the same offense after an acquittal;

2. Where a person would be tried for the same offense after a conviction; or

3. Where a person would receive more than one punishment for the same offense.

See Benton v. Maryland, 395 U.S. 784 (1969) and North Carolina v. Pearce, 395 U.S. 711 (1969).

To prevail on this claim Hendricks would have to show that the South Carolina Legislature did not intend to consider each separate depiction of child pornography as a "unit of prosecution."

11

*See* <u>Slavek v. Henkle</u>, 359 F.Supp.2d 473, 496 (E.D.Va. 2005), citing <u>Ashford v. Edwards</u>, 780 F.2d 405, 406 (4th Cir. 1985) (holding separate reproductions of child pornography prosecutable as separate offenses, rejecting double jeopardy argument, based on Virginia statute). In any event, the PCR court found as fact that trial counsel discussed the multiple indictment issue with Hendricks, but Hendricks decided to plead guilty to avoid a potential greater sentence waiving his right to attack non-jurisdictional defects. (Res.Mem., Ex. 1, pp. 141-141A).

### (2) Suppression

Hendricks asserts that his trial attorney was ineffective because he did not move to suppress the fruits of the search of his residence. Hendricks claims that certain portions of the search warrant affidavit were untrue.[5] This issue was addressed by the PCR court.

A search warrant affidavit must provide the issuing officer with a substantial basis for finding the existence of probable cause. There is a strong presumption in favor of the validity of search warrant affidavits supporting probable cause. In order to challenge the affidavit, the defendant must show that the affiant knowingly and intentionally, or with a reckless disregard for the truth, included false information in the affidavit. Second, the defendant must show that the false information was essential to the determination of probable cause. <u>Franks v. Delaware</u>, 438 U.S. 154, 171-172 (1978).

The undersigned concludes that even if the information cited by Hendricks is untrue, the affidavit is sufficient. In any event, the PCR court found that counsel fully discussed the search warrant issues with Hendricks and was prepared to argue a suppression motion had Hendricks chosen to proceed to trial. (Res.Mem., Ex. 1, p. 141).

---

[5]Hendricks claims that his status as an unregistered sex offender was not accurate (he had registered), and that he had not sold a computer to the victim's mother.

### (3) Constructive Possession

Hendricks argues that his attorney was ineffective because he failed to advise him of the theory of "constructive possession" because others may have had access to his computer. This issue was rejected by the PCR court.

Conviction of possession requires proof of possession, either actual or constructive, coupled with knowledge of its presence. State v. Hudson, 277 S.C. 200, 284 S.E.2d 773 (1981). "Actual possession occurs when the [contraband is] found to be in the actual physical custody of the person charged with possession. To prove constructive possession, the State must show a defendant had dominion and control, or the right to exercise dominion and control.... Constructive possession can be established by circumstantial as well as direct evidence, and possession may be shared." *Id.* at 202-203, 284 S.E.2d at 774-775.

The undersigned concludes this ground is frivolous. The theory of constructive possession would not exclude Hendricks of possession of the images on his computer unless he could show that someone else downloaded the images without his knowledge. The PCR court found as fact that Hendricks "always admitted that he downloaded the pornographic material onto his computer and never informed plea counsel that some else had access to his computer." (*Id.* 141-A).

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary

judgment be **granted** and the petition **dismissed** without an evidentiary hearing.

                                                _____
                                                Joseph R. McCrorey
                                                United States Magistrate Judge

July 15,  2009
Columbia, South Carolina

                                **The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).